**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | 2:23cr103 |
| | ) | **Electronic Filing** |
| **ERNEST HARRIS** | ) | |

## MEMORANDUM OPINION

On May 23, 2023, a grand jury returned a one-count indictment against Ernest Harris ("defendant") charging him with possession of a firearm after having been convicted of two prior felony offenses. On August 15, 2023, a grand jury returned a superseding indictment charging defendant with the same offense and adding three additional prior predicate felony offenses, thus charging that defendant possessed a firearm after having been convicted of five separate predicate felony offenses. Presently before the court are defendant's Motion to Produce Exculpatory and Impeachment Evidence, Motion for Early Production of Jencks Act Material, Motion to Produce Evidence that the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609, and Motion to Preserve Law Enforcement's Rough Notes. For the reasons set forth below, defendant's motions will be granted in part and denied in part.

The superseding indictment charges defendant at count one with possession of a 9mm Taurus handgun, on or about April 28, 2023, in violation of 18 U.S.C. § 922(g)(1). Defendant's motion for exculpatory and impeachment evidence seeks any and all exculpatory evidence, impeachment material, information or material that may be favorable to defendant, and all information regarding the existence and substance of any plea agreements, promise of immunity or payments, and promises of leniency or preferential treat made to any prospective government witness, as well as any information relating to the criminal background of any such witness.

Defendant's motion for early disclosure of Jencks Act material requests the court to enter an order mandating the disclosure of such statements at least 14 days before trial.

The government filed a response acknowledging its obligations under Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). Therein, it explicitly asserts that the government has complied with and will continue to comply with such authority. Further, it contends that it will provide all pertinent information sought by defendant's motion for discovery in advance of trial. Nonetheless, the government resists any premature disclosure of impeachment material on the grounds that it might disrupt ongoing investigation and/or expose government witnesses to potential harm or create an undue burden. It further notes the lack of statutory authority to compel early disclosure of Jenks Act material but indicates it is will to provide defendant with the disclosures ten days before trial.

To the extent defendant's motion seeks the disclosure of statements, information and things beyond (1) that which the government has made or has agreed to make available and (2) the dictates that flow from Rule 16 and Brady, the motion will be denied for a number of reasons. First, in responding to the Motion for Discovery, the government has acknowledged its obligations under Brady and its progeny and has indicated it will comply with those obligations fully. Beyond Brady, Rule 16 provides the basic authority for pretrial discovery in a criminal case. Rule 16 was not designed to provide a defendant with a vehicle to discover the government's case in detail or the strategy it intends to pursue at trial. United States v. Fioravanti, 412 F.2d 407, 410 (3d Cir.), cert. denied, 396 U.S. 837 (1969). Nor is the rule designed to provide a defendant with verification that the use of anticipated evidence at trial by the defense is not vulnerable to attack by evidence within the government's possession. United States v. Randolph, 456 F.2d 132, 136 (3d Cir.), cert. denied, 408 U.S. 926 (1972). In fact, in

sharp contrast with these propositions, the United States Court of Appeals for the Third Circuit has recognized that discovery in criminal cases is limited to those areas delineated in Rule 16, "with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." United States v. Ramos, 27 F.3d 65, 67-68 (3d Cir. 1994). As a general matter these other areas are limited to the Jencks Act and materials available pursuant to the so-called "Brady doctrine." Id. at 68.[1]

Second, the government has no obligation to produce an outline of the evidence it will offer at trial. A defendant is not entitled to conduct a wholesale review of the government's investigation. See Weatherford v. Bursey, 429 U.S. 545, 559 (1977) (there is no general constitutional right to discovery in a criminal case). Nor is a defendant entitled to obtain a list of the government's witnesses through discovery. See United States v. DePasquale, 740 F.2d 1282, 1294 (3d Cir. 1984), cert. denied, 469 U.S. 1228 (1985). Similarly, there is no authority to support a defendant's request for the specifics of each government witness' proposed testimony. See Fioravanti, 412 F.2d at 410 (a defendant has no right to discover the minutia of the government's evidence or the manner in which it will be used). And even assuming arguendo that this court has some residual discretion to order the pretrial disclosure of the government's evidence in appropriate circumstances, the current record falls woefully short of presenting sufficient grounds to justify such an extraordinary measure.

Another area potentially remaining in dispute concerns the disclosure of impeachment material. As a general matter, a defendant's requests for impeachment material such as the criminal records of and promises or inducements made to prospective government witnesses

---

[1] The Jencks Act provides that any statement or report made by a government witness which relates to the subject matter of the witness' testimony must be disclosed after the witness has testified under direct examination. See 18 U.S.C. § 3500(b).

raise issues under Brady and the Jencks Act. In Brady v. Maryland, 373 U.S. 83 (1963), the Supreme Court held that due process requires the disclosure of "evidence favorable to an accused upon request . . . where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Id. at 87. The Supreme Court subsequently held that evidence which may be used to impeach the testimony of a government witness falls within the ambit of Brady when the credibility of the witness may have an effect on the jury's determination of guilt or innocence. See Giglio v. United States, 405 U.S. 150, 154 (1972); see also United States v. Starusko, 729 F.2d 256, 260 (3d Cir. 1984); Ramos, 27 F.3d at 68 (Brady material includes "materials that might affect the jury's judgment of the credibility of a crucial prosecution witness") (quoting United States v. Hill, 976 F.2d 132, 134-35 (3d Cir. 1992)). In United States v. Agurs, 427 U.S. 97, 107 (1976), the Supreme Court modified the Brady rule to require the government to disclose exculpatory evidence even when the defendant has not requested the information. Id. at 107; see also United States v. Perdomo, 929 F.2d 967, 970 (3d Cir. 1991).

The so-called Brady doctrine generally is understood as a rule of minimum fairness. United States v. Higgs, 713 F.2d 39, 42 (3d Cir. 1983), cert. denied, 464 U.S. 1048 (1984). It establishes a prosecutorial obligation rather than a general rule of pretrial discovery. The government thus has an obligation to produce favorable material bearing on a defendant's culpability or punishment as well as material bearing on the credibility of any witness who will be used to establish material matters at trial. This obligation is not to be used, however, to permit a defendant to obtain wholesale discovery of the government's principal case. See Higgs, 713 F.2d at 42; United States v. Bocra, 623 F.2d 281, 285 (3d Cir. 1980).

It is well-settled that the government's obligations under Brady require it to disclose

actual exculpatory evidence without undue delay.  Brady impeachment material ordinarily must be disclosed "in time for its effective use at trial."  Higgs, 713 F.3d at 44; United States v. Blackwell, 954 F. Supp. 944, 968 (D.N.J. 1997).  A district court has general discretionary authority to order the pretrial disclosure of Brady impeachment material and that discretion is to be exercised in a manner which "ensure[s] the effective administration of the criminal justice system."  Government of Virgin Islands v. Martinez, 847 F.2d 125, 127 (3d Cir. 1988); Blackwell, 954 F. Supp. at 968.  To the extent such material exists, the government indicates it intends to disclose it with sufficient time for defendant to make effective use of it at trial.

While the court recognized in Higgs that a defendant's due process rights to a fair trial are not violated where the disclosure of Brady impeachment material occurs in time to be used effectively, subsequent cases by the Third Circuit have reiterated and encouraged adherence to the long-standing policy of promoting the early production of all types of Brady material, including impeachment and so-called Higgs materials.  See Starusko, 729 F.2d at 261 (citing United States ex rel. Marzeno v. Gengler, 574 F.2d 730, 739 (3d Cir. 1978); United States v. Kaplan, 554 F.2d 577, 578 (3d Cir. 1977)); see also United States v. Giampa, 904 F. Supp. 235, 281 (D.N.J. 1995); Blackwell, 954 F. Supp. at 968.  The government's early production of Higgs-type impeachment material may well overlap with its subsequent production under the Jencks Act and provide defendant with "advanced" notice of certain witnesses the government intends to use at trial.  Nevertheless, the court notes that after disclosure is made defense counsel can more fully advise his client regarding the appropriate development of the case, including consideration of any plea agreement offered by the government.  In light of all of the circumstances, the government is encouraged to disclose all Brady impeachment material without further delay, and in any event it will be ordered to produce all such material no later

than ten business days prior to trial.[2]

Defendant also moves for timely notice of any prior bad acts and past criminal convictions the government intends to introduce pursuant to Rules 404(b) and 609. The government responds that a trial has not been scheduled, but when a date is set, and if the government seeks to introduce such evidence, it will comply with both Rule 404(b) and Rule 609's notice and timing requirements.

The government is required to give notice of its intention to use Fed. R. Evid. 404(b) evidence prior to trial. Rule 404(b) specifically provides "that upon request by the accused the prosecution in a criminal case shall provide reasonable notice in advance of trial . . . of the general nature of any evidence it intends to introduce at trial."

The rule requires only the disclosure of the general nature of the evidence the government intends to introduce. A demand for specific evidentiary detail, such as dates, times, places and persons involved is overly broad. See United States v. Alex, 791 F. Supp. 723 (N.D. Ill. 1992). Thus, the disclosure of the general nature of such evidence is that which is sufficient to put a defendant on notice as to which of his or her past episodes of conduct may be used by the government at trial.

What constitutes as "reasonable notice in advance of trial" is determined by the circumstances and complexity of the prosecution. In Alex, the court ordered disclosure of Rule

---

[2] Of course, this ruling has no bearing on the government's disclosure of information that falls solely under the Jencks Act. It is well-settled that the plain language of the Jencks Act precludes a court from compelling the disclosure of Jencks Act material prior to the completion of a government witness' testimony on direct examination. See United States v. Hill, 976 F.2d 132, 140 (3d Cir. 1992); United States v. Murphy, 569 F.2d 771, 773 (3d. Cir.), cert. denied, 435 U.S. 955 (1978). Although courts lack the authority to order the early disclosure of Jencks material, the Third Circuit nevertheless has endorsed and encouraged the government's prevailing practice of committing to disclose Jencks material prior to trial. See Murphy, 569 F.2d at 773; Hill, 976 F.2d at 140. The government has agreed to follow the customary practice in this District and disclose any Jencks Act material at the same time.

404(b) evidence seven days prior to trial. In contrast, the court in <u>United States v. Williams</u>, 792 F. Supp. 1120, 1133 (S.D. Ind. 1992), noted generally that disclosure within ten days prior to trial constitutes reasonable advanced notice. Similarly, in <u>United States v. Evangelista</u>, 813 F. Supp. 294, 302 (D.N.J. 1993), the court ruled that disclosure ten business days prior to trial is sufficient notice.

Here, the rule provides defendant with the right to formal notice of all potential Rule 404(b) evidence which the government intends to introduce at trial. Accordingly, the court will grant the defendant's Rule 404(b) motion and direct the government to provide the required general notice no later than ten business days prior to trial.

Rule 609(b) requires the government to provide advanced written notice of its intent to use a conviction that is more than 10 years old (or where 10 years has elapsed since the release of the witness from confinement, whichever is later) for impeachment purposes. Advanced notice in these circumstances is required in order to "provide the adverse party with a fair opportunity to contest the use of such evidence." Fed. R. Evid. 609(b). There is no similar disclosure requirement under Rule 609(a).[3] Consequently, the court can only order the government to provide advanced written notice of its intent to proffer Rule 609(b) evidence.

The government has not indicated whether it is aware of any conviction falling within the ambit of Rule 609(b). To the extent it becomes aware of any such evidence and intends to use it at trial, it will be required to provide notice of that intent at the same time it provides notice under Rule 404(b), at least ten business days prior to trial.

Defendant also requests an order directing all government agents and law enforcement officials involved in any aspect of this case to preserve all rough notes made during the course of

---

[3] Rule 609(a) is limited to the use of prior convictions and does not authorize the use of arrests or uncharged misconduct to impeach the testimony of an accused.

the investigation. He further requests that any such materials be, at a minimum, reviewed by the court for favorable statements or information. The government indicates it is cognizant of its obligations and will comply with those obligations.

In United States v. Vella, 562 F.2d 275 (3d Cir. 1977), the Third Circuit held that "rough interview notes of [law enforcement officers] should be kept and produced so that the trial court can determine whether the notes should be made available to the defendant under the rule in Brady . . . or the Jencks Act." Id. at 276. In United States v. Ammar, 714 F.2d 238 (3d Cir. 1983), the court acknowledged that a rough draft is not necessarily a Jencks Act statement until it is refined to the point where a finding can be made that the witness has "adopted or approved" the rough draft as a statement, such as where a law enforcement official presents a handwritten draft to a supervisor. Nevertheless, the court held that "the government must retain and, upon motion, make available to the district court both the rough notes and the drafts of reports of its agents to facilitate the district court's determination of whether they should be produced." Id. at 259. The court also cautioned that "the government must be vigilant in observing its responsibility to preserve these materials because the Supreme Court has cautioned that the harmless error doctrine must be strictly applied in Jencks Act cases." Id. at 260 (citations omitted).

Defendant's request for an order requiring all government agents to preserve their rough notes and writings will be granted. Defendant is entitled to the discovery of such material only to the extent that it falls within the purview of Brady and/or the Jencks Act. To the extent any rough notes and investigative reports fall within these limited areas of disclosure, the government shall produce them in accordance with this memorandum and order of court. To the extent defendant seeks the production of any rough notes and investigative reports not falling within

those limited areas of disclosure, the motion will be denied without prejudice to renew at trial subject to a specific showing that any particular rough notes or investigative reports not otherwise produced arguably may contain information falling within the scope of <u>Brady</u> and/or the Jencks Act.

      For the reasons set forth above, defendant's pretrial motions will be granted in part and denied in part. An appropriate order will follow.

<u>Date: March 26, 2024</u>

                                        <u>s/David Stewart Cercone</u>
                                        David Stewart Cercone
                                        Senior United States District Judge

cc:     Katherine C. Jordan, AUSA
         Michael J. DeRiso, Esquire

         United States Marshals Office
         United States Probation Office

         (*Via CM/ECF Electronic Filing*)